IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    vs.<br><br>LORI A. MEIDE,<br><br>               Defendant. | 8:12CR138<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on defendant's objections, Filing No. 32, to the findings and recommendation ("F&R") of the magistrate judge, Filing Nos. 23, 28 and 29. Defendant is charged with four counts in this case: Count I charges her with knowingly and intentionally distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1); Count II charges defendant with knowingly selling a firearm to a confidential informant, knowing that person to be a convicted felon, in violation of 18 U.S.C. §§ 922(d) and 924(a)(2); Count III charges defendant with knowingly and intentionally possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1); and Court IV charges defendant with knowing possession a firearm while being an unlawful user of or addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Filing No. 1. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record including the transcript of the hearing on the motion to suppress[1] and the motion to disclose, Filing No. 29.

---

[1] The court notes for the record there are no objections to the F&R with reference to the motion to suppress. The court has likewise reviewed the record in this regard.

Additionally, the court has carefully reviewed the objections, the briefs, and the relevant law. The court will overrule the objections of the defendant.

The issue raised by the defendant in his objections to the F&R concerns a confidential informant who is cited in the affidavit of Officer Christopher Perna of the Omaha Police Department on September 15, 2011. Counsel for the defendant received this affidavit and an audio/video recording during discovery. After watching the audio/video, counsel for the defendant concluded that there is more than one informant. The defendant asked for the immediate disclosure of the informants, as these informants participated in the activities alleged in the indictment and will testify at trial. Defendant contends that the written reports, sworn affidavit, and in-court testimony are misleading and that the errors raise a "cloak of deception that will take time to unravel." Brief of defendant, Filing No. 33 at 6.

At the suppression hearing, counsel for the government agreed that the confidential informants should be disclosed to the defendant prior to trial. Filing No. 29, Tr. at 3. The only apparent issue is the timing of such release. The government indicated it would release the names ten days prior to trial. The defendant argued that ten days is insufficient. The magistrate judge then said the defendant could have the names two weeks prior to trial. At the end of the suppression hearing, the defendant argued that two weeks is insufficient. Thereafter, the magistrate judge determined that disclosure three weeks prior to trial is sufficient. *Id.* at 33. Defendant has objected and asks for additional time between disclosure and trial.

The court has carefully reviewed the arguments of counsel. The court finds that three weeks is sufficient. The government shall disclose the names of the confidential

informants three weeks prior to trial in this case. However, if following disclosure, defendant determines that such time is not sufficient based on a showing of good cause, the defendant may file a motion with the court for an extension of the trial date.

THEREFORE, IT IS ORDERED:

1. The defendant's motion to disclose, Filing No. 18, is granted. The government shall provide the names of the confidential informants three weeks prior to trial.

2. Defendant's motion to suppress, Filing No. 16, is denied.

3. The F&R of the magistrate judge, Filing Nos. 23, 28 and 29, is adopted in its entirety.

4. The objections to the F&R of the magistrate judge, Filing No. 32, are overruled.

Dated this 23rd day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.